[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO PRECLUDE AND PLAINTIFF'S OBJECTION TO MOTION TO PRECLUDE
In brief, defendant seeks to have plaintiff comply with Practice Book13-3(4) in properly disclosing his experts and the details regarding their testimony. Plaintiff respond; with an objection, claiming he has filed ". . . a standard disclosure."
The court could dispose of these matters with a summary order. Nevertheless, the matter is worthy of some comment.
Rather than file a Motion to Compel, as is so often done in our current atmosphere of hand-to-hand combat among members of the bar, defendant's counsel did it the old-fashioned way-he courteously notified plaintiff's counsel by letter that his disclosure did not comply with current requirements. Plaintiff's counsel ignored this gesture, waited for the Motion to Preclude, and now objects, thus biting the gentle hand that attempted to feed him. In so doing, he offers no authority to support the bare bones "standard" disclosure he has submitted. Nor would he find any, should he choose to search. The current state of the law on this subject is succinctly expressed in Meizies v. Wawa, Docket No. 377633, Superior Court (Corradino, J.).[1] There are other recent cases which employ the same reasoning. These cases are fully consistent with the policy behind full disclosure. Adherence to the requirements of the Practice Book prevents problems at time of trial, when Motions in Limine are filed to preclude matters claimed to be outside disclosure previously provided.
Although the court is sorely tempted to reward defendant's counsel for his high standards in addressing this issue, (which the court believes would withstand any challenge), reluctance to penalize plaintiff's client for his counsel's uncharacteristic response compels the court to issue the following order:
Motion to Preclude is granted unless plaintiff fully complies with the CT Page 14740 guidelines of Meizies within ten days of the date of this decision.
BY THE COURT
 _____________ Dunnell, J.